IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                        ) | CR. NO.1:06-cr-00134-MHT-VPM |
| ) | |
| MICHAEL SHAWN CAMPBELL    ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:            JENNIFER HART & KEVIN BUTLER

ASSISTANT U.S. ATTORNEY:    K. DAVID COOKE, JR.

**COUNT AND STATUTE CHARGED**:

Count 1         18 U.S.C. § 922(d)(1)
                Unlawful Sale of a Firearm

Count 2         21 U.S.C. § 841(a)(1)
                Possession of Cocaine with Intent to Distribute


**COUNT PLEADING PURSUANT TO PLEA AGREEMENT**:

Count 1         18 U.S.C. § 922(d)(1)

Count 2         21 U.S.C. § 841(a)(1)

**PENALTIES BY COUNT - MAXIMUM PENALTY**:

Count 1         18 U.S.C. § 922(d)(1)
                NMT 10Y or
                NMT $250,000 or both;
                NMT 3Y SUP REL;
                $100 AF;
                VWPA.

Count 2         21 U.S.C. § 841(a)(1)
                NLT 5Y, NMT 40 or
                NMT $2,000,000 or both
                NMT 4Y Sup Rel
                $100 AF
                VWPA

**ELEMENTS OF THE OFFENSE**:

<u>18 U.S.C. § 922(d)(1)</u>

First:    The defendant sells or disposes of a firearm or ammunition to any person; and

Second:   The defendant knows or has reasonable cause to believe the person is under indictment or has been convicted of a felony.

<u>21 U.S.C § 841(a)(1)</u>

First:    The defendant knowingly and willfully possessed cocaine base.

Second:   The defendant intended to distribute the cocaine.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

K. David Cooke, Jr., Assistant United States Attorney and Jennifer Hart and Kevin Butler, attorneys for the defendant, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Information herein and a Plea Agreement has been reached by said parties.  The plea is being submitted to the Court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial.  If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

**<u>GOVERNMENT'S PROVISIONS</u>**

2

1. Upon entering a plea of guilty by the defendant to the offenses charged in Counts 1 and 2 of the Information, the attorney for the Government will do the following:

   a. The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1(b) is at the sole discretion of the United States.

   b. The government will agree to recommend the low-end of the applicable guideline level as accepted by the United States District Court for the Middle District of Alabama.

   c. The government will agree that the Defendant shall not receive a sentence in excess of 70 months. Otherwise, the

Defendant shall have the right to withdraw his plea under 11(c)(1)(C).

    d. Agree that within one year of sentencing, the United States will evaluate any information provided by the defendant and consider, pursuant to Rule 35(b) Federal Rules of Criminal Procedure, reducing defendant's sentence for substantial assistance. **The United States shall have the sole discretion in determining if any information provided by the defendant qualifies as "substantial."**

    e. In exchange for and in consideration of the defendant's pleas of guilty to counts 1 and 2 of the information, the Government agrees not to prosecute the defendant for any other crimes arising out the defendant's possession and/or sale of firearms or narcotics on and between the dates of December 9, 2005, and May 17, 2006.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

### **DEFENDANT'S PROVISIONS**

3. The defendant agrees to the following:

    a.    To plead guilty to Counts 1 and 2 of the Information.

    b.    To forfeit all firearms in his possession.

4

    c.    Not commit any State, local or federal offenses.

    d.    Comply with the cooperation agreement as detailed below.

## COOPERATION AGREEMENT

4. The Defendant agrees to make a good faith effort to assist the United States in the investigation and prosecution of other persons involved in the illegal possession, manufacture or distribution of controlled substances or firearms; or any other illegal activity of which the Defendant has personal knowledge.

    a.    The Defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom he may have knowledge at grand jury, trial (criminal or civil), or whenever called upon to do so. The Defendant understands that this agreement does not require him to implicate any other particular individual or individuals nor to "make a case," rather it requires him to be truthful and to testify truthfully whenever called upon. The Defendant agrees to make himself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the United States upon reasonable request and to fully and truthfully respond to all questions asked of him by law enforcement officers and attorneys for the United States. He agrees to fully and truthfully disclose to the United States everything he knows about any and

5

all documents and materials in his possession that relate to violations of federal firearms statutes and any other criminal violations in the Middle District of Alabama and elsewhere.  The Defendant agrees to submit to a polygraph examination conducted by the United States if requested to do so.

    b. Provided that the Defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the United States during the course of his cooperation, concerning related offenses, will not be used against him, directly or indirectly.  The Defendant understands that this agreement does not bar his prosecution for capital felonies, perjury, false statements, and obstruction of justice.

    c. If the Defendant has failed or should fail in any way to fulfill completely his obligations under this agreement, then the United States will be released from its commitment to honor all of its obligations to him.  Thus, if at any time he should knowingly and willfully withhold evidence from the United States investigators or attorneys prior to or during his testimony before grand juries or in trials, or commits any state or federal offense, then the United States will be free to: (1)  prosecute him for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Section 1621, 1623, 1001, 1503); (2) to prosecute him for all violations of federal criminal law which he has committed; (3)  to use against

him in all of those prosecutions and sentencings the Information and documents that he has himself disclosed or furnished to the United States during the course of his cooperation; (4) to recommend a maximum sentence; and (5) to seek forfeiture of any and all forfeitable properties of the Defendant. The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether Defendant has breached this agreement. Defendant further understands that upon any breach of this plea agreement, by the Defendant, he will not be entitled to withdraw his guilty plea in this case.

**FACTUAL BASIS**

1. On or about the 9th day of December, 2005, in Houston County, in the Middle District of Alabama, the defendant, MICHAEL SHAWN CAMPBELL, did knowingly sell and otherwise dispose of a firearm to a person, knowing and having reasonable cause to believe that such person was under indictment, and had been convicted in court of a crime punishable by imprisonment for over one year, to-wit: the defendant sold a Springfield Armory Model XD .357 SIG caliber handgun, serial number US333821, to Joshua Whigan, a person who had been convicted of the following felonies:

> 1) October 16, 1997, Receiving Stolen Property 2nd, in the Circuit Court of Houston County, Alabama, CC-96-1265; and

    2)    April 29, 1999, Possession of a Controlled Substance, in the Circuit Court of Houston County, Alabama, CC-98-1248;

and who was under indictment for the following felony:

    1)    April 6, 2005, Rape 2nd Degree, in the Circuit Court of Houston County, CC-04-692;

all in violation of Title 18, United States Code, Section 922(d)(1).

On or about the 13th day of May, 2006, in Houston County, in the Middle District of Alabama, the defendant, MICHAEL SHAWN CAMPBELL, did knowingly possess, with intent to distribute, a mixture and substance containing a detectable amount of cocaine base, more commonly referred to as crack cocaine, a Schedule II Controlled Substance; all in violation of Title 21, United States Code, Section 841 (a)(1).

## **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

The government does not waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

**DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

5. The defendant, before entering a plea of guilty to Counts 1 and 2 of the Information as provided for herein by said Plea Agreement, advises the Court that:

   a. The discussions between the attorney for the government and the attorneys for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

   b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

   c. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $200.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee

as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

      d.  The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

      e.  The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

      f.  The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which

questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

   g. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the attorneys for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

   h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

   i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court.

   j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the ~~Indictment~~ Information [KDC, JAH] herein, or of statements made in connection with and relevant to said plea or offer to plead,

11

shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

      k.  The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

      6.  The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and

cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

7. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the Court determines the defendant's offense level or criminal history category is higher than the defendant anticipated, the defendant will have the right to withdraw the plea on that basis.

This 19th day of June, 2006.

13

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Andrew Schiff
Deputy Criminal Chief

_____
K. David Cooke, Jr.
Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, KEVIN BUTLER AND JENNIFER HART.

_____
Michael Shawn Campbell/DEFENDANT

6/19/06
Date

_____
Attorney for the Defendant

6-19-06
Date

14